**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARIANA C. ABREU DE LA CRUZ,**<br>**Plaintiff,**<br>**v.**<br>**NEURO RESTORATIVE,**<br>**Defendant.** | **Case No. 26–cv–12799–ESK–EAP**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Ariana C. Abreu De La Cruz to proceed *in forma pauperis* (IFP) (ECF No. 1–2); and plaintiff having brought this action against defendant Neuro Restorative; and the Court finding,

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (ECF No. 1 (Compl.)): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)

6. Here, the Complaint does not meet the above standards. Defendant was plaintiff's former employer, against whom plaintiff seeks relief for constructively discharge. (Compl. ¶¶13, 28.) Plaintiff alleges that because defendant failed to adequately address her concerns against her supervisor, Jerry Pierre, she was forced to resign. (*Id.* ¶¶34–38.) Pierre allegedly repeatedly made unwanted, romantic advances towards plaintiff over the course of plaintiff's time working for defendant. (*Id.* ¶14–18) In December 2025, Pierre surreptitiously placed an Apple Air Tag on her car. ( *Id.* ¶19–28.) Plaintiff reported this behavior to defendant on December 26, 2025, and an investigation was launched. ( *Id.* ¶30–33.) Although Pierre was suspended, he continued to have access to his office and security cameras. (*Id.* ¶34–35.) The "circumstances became intolerable" for plaintiff and she "suffered retaliation," so on January 12, 2026 she resigned. (*Id.* ¶36.)

7. The Complaint asserts four separate violations of Title VII of the Civil Rights Act: (1) creation of a discriminatory hostile work environment via

sexual harassment (Count I)[1]; (2) national origin discrimination (Count II); (3) retaliation (Count III); and (4) constructive discharge. (Count IV). (*Id.* at p. 4–6.) In Title VII cases, a "plaintiff carries the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were "based on a discriminatory criterion" violative of the Civil Rights Act. *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 576 (1978). "Where the plaintiffs' case does consist of *direct* 'smoking gun' evidence that the employer acted with discriminatory motivation, however, the Supreme Court has indicated that the *McDonnell Douglas-Burdine* shifting burdens mechanism is inapplicable." *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 853 (3d Cir. 1987).

8. Title VII prohibits employers from engaging in sex discrimination. 42 U.S.C. §2000e-2(a)(1).). To establish a hostile work environment sex discrimination claim against an employer, a plaintiff must prove "(1) the employee suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (quoting *Weston v. Pennsylvania,* 251 F.3d 420, 426 (3d Cir.2001)) ). Such claims face a high standard for pervasiveness and regularity wherein "even repeated use of sex-based slurs or sexually inappropriate comments may be insufficient as a matter of law." *Wills v. CulinArt Grp.*, 814 F. Supp. 3d 535, 553 (D.N.J. 2026). Plaintiff sufficiently alleges that she, like any reasonable person, was detrimentally affected by Pierre's conduct. But she provides neither direct nor indirect evidence of how defendants fostered an environment with pervasive and regular sex discrimination. On the contrary, she states that defendant attempted to remedy the issue and took immediate action to suspend Pierre after she reported his conduct. Plaintiff states that defendant behaved improperly because of her sex without plausibly supporting the claim. Such allegations are conclusory and do not plausibly allege causes of action. *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

9. Under Title VII, an employer is subject to vicarious liability for sexual harassment to a victimized employee by a supervisor with immediate (or successively higher) authority over the employee. *Faragher v. City of Boca*

---

[1] It is not clear whether Count I is a claim against defendant for sex discrimination based on a hostile work environment or a claim for sexual harassment based on a hostile work environment, so both are analyzed here.

*Raton*, 524 U.S. 775, 777 (1998). Such an action is only viable if the harassment is "so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001). As mentioned previously, the standard for pervasiveness and severity is high. *Wills*, 814 F. Supp. at 553. Additionally, an employer can be vicariously liable under Title VII only if it had actual or constructive notice of the harasser's conduct and failed to take immediate steps to remedy the conduct. *Whitaker v. Mercer Cnty.*, 65 F. Supp. 2d 230, 244 (D.N.J. 1999), *aff'd*, 251 F.3d 155 (3d Cir. 2000). While the conduct of Pierre is disturbing, plaintiff does not allege any facts to show it was consistently occurring at the workplace. Additionally, plaintiff acknowledges that defendant responded to her concerns by suspending Pierre and launching an investigation. The complaint does not provide information about the conclusion of the investigation and the exhibits attached to the complaint confirm defendant's concern and investigation into plaintiff's allegations through her resignation. (ECF No. 1–3 (Exhibit) pp. 13, 30).

10. To establish a hostile work environment claim against an employer based on national origin discrimination, under Title VII, a plaintiff must show, by the totality of the circumstances: (1) that he or she suffered intentional discrimination because of race or national origin; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race or national origin in that position; and (5) the existence of *respondeat superior* liability. Plaintiff does not plead any facts to support her claim of national origin discrimination, and instead simply "alleges that she was subjected to discriminatory treatment because of her national origin." (Compl., p. 4). As mentioned previously, conclusory allegations cannot sustain a valid cause of action.

11. An employer is prohibited from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). 28 U.S.C. § 1981 creates a cause of action for "retaliation against a person who has complained about a violation of another person's contract-related 'right.'" *Wang v. Univ. of Pittsburgh*, 181 F.4th 301, 316 (3d Cir. 2026). To establish a *prima facie* retaliation claim, a plaintiff must show: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Tinio v. Saint Joseph Reg'l Med.* Ctr., 645 F. App'x 173, 176 (3d Cir. 2016). Plaintiff does not identify any retaliatory conduct taken by defendant after her report about Pierre's conduct. To support her claim of retaliation, plaintiff states that

defendant's "conduct constituted retaliation in violation of Title VII" but provides no further support for this claim. (Compl. ¶¶65.) This is an unsupported conclusory allegation that does not plausibly assert a claim of retaliation.

12. To establish a claim of constructive discharge, a plaintiff must show that "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1084 (3d Cir.1996). This test is objective and an "employee's subjective perceptions of unfairness or harshness do not govern a claim of constructive discharge." *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1083 (3d Cir.1992). Plaintiff alleges that Pierre's conduct and defendant's failure to respond in a satisfactory manner led her to resign. (ECF No. 1, p. 5,6). But the complaint and exhibits affirm defendant's investigation of her claims (ECF No. 1–3, pp. 3, 30) and does not plausibly allege that defendant knowingly permitted intolerable conditions of discrimination to persist in the workplace.

Accordingly,

**IT IS** on this **20th** day of **OCTOBER 2026** **ORDERED** that:

1. The Application (ECF No. 1–2) is **GRANTED.**

2. The Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **November 19, 2026** addressing the deficiencies outlined above. The Court may dismiss this action with prejudice if an amended complaint is not timely filed.

3. Pending the filing of an amended complaint, the motion for *pro bono* counsel (ECF No. 3) is administratively terminated.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**